[Cite as *State v. Evans*, 2021-Ohio-590.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. Craig R. Baldwin, P.J. |
|  | : | Hon. W. Scott Gwin, J. |
| Plaintiff-Appellee | : | Hon. Patricia A. Delaney, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. 2020CA00078 |
| JAMIE EVANS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |


CHARACTER OF PROCEEDING:      Criminal appeal from the Licking County
                              Court of Common Pleas, Case No.
                              19CR1022



JUDGMENT:                     Affirmed



DATE OF JUDGMENT ENTRY:       March 3, 2021



APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant
WILLIAM HAYES                       TODD BARSTOW
Licking County Prosecutor           261 West Johnstown Road, Suite 204
By: PAULA M. SAWYERS                Columbus, OH 43230
Assistant Prosecutor
20 S. Second Street, 4th Floor
Newark, OH 43055

*Gwin, J.,*

{¶1}   Defendant-appellant Jamie Evans ["Evans"] appeals the November 25, 2020 Judgment Entry of the Licking County Court of Common Pleas revoking her community control and imposing sentence.

*Facts and Procedural History*

{¶2}   The Licking County Grand Jury indicted Evans on December 19, 2019 on one count of Possession of Drugs, a felony of the fifth degree, and one count of Possessing Drug Abuse Instruments, a misdemeanor of the second degree.

{¶3}   By Judgment Entry filed August 4, 2020, the trial court scheduled a Change of Plea hearing for August 21, 2020. [Docket Entry No. 33].  On August 18, 2020 the probation department filed an Application for a Capias on the basis that Evans failed to report and efforts to contact her had been unsuccessful. [Docket Entry No. 34]. A capias was issued by Judgment Entry filed August 18, 2020. [Docket Entry No. 35]. On August 20, 2020 the magistrate found that Evans had violated the terms of her bond. [Docket Entry No. 37]. On August 21, 2020 the trial court found that Evans had tested positive for marijuana and Benzodiazepines.  The trial court revoked Evans's bond and continued the Change of Plea hearing until Evans tests negative for drugs.  [Docket Entry No. 39].

{¶4}   On September 21, 2020, Evans appeared with counsel and entered guilty pleas to both counts of the Indictment.  During the Change of Plea and Sentencing hearing the trial court sentenced Evans to, in relevant part,

> On that basis today, I will impose a term of three years of community control here today.

As terms of community control, I will order that you enter into and successfully complete the Star Program, which is a community-based correctional facility program, which is as good a drug treatment as I can provide to you. You need to remain at the Justice Center until you can get into the program.

*Change of Plea and Sentencing Hearing,* Sept. 21, 2020 at 19. *See also,* Judgment Entry, Sept. 21, 2020 at 2. [Docket Entry No. 45].

{¶5} On October 20, 2020 the state filed a motion to revoke Evans's community control on the basis the Evans refused to enter the Star Program. [Docket Entry No. 53]. On October 23, 2020 the trial court found, after a hearing, that probable cause existed to believe that Evans had violated the terms and conditions of her community control. [Docket Entry No. 55]. On November 25th, Evans appeared in the trial court with counsel and admitted the violations. After reviewing Evans's criminal history, a report from the probation department and the statement from Evans, the trial court ordered Evans to serve a sentence of one year in the Licking County Jail as to count one, and a sentence of sixty days as to count two. The trial court ordered concurrent service as to those sentences. Judgment Entry, filed November 25, 2020 at 1-2. [Docket Entry No. 65].

Assignment of Error

{¶6} Evans raises one Assignment of Error,

{¶7} "I. THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY SENTENCING HER TO MORE THAN SIX MONTHS OF INCARCERATION IN THE LICKING COUNTY JAIL AS A SANCTION FOR A VIOLATION OF HER COMMUNITY CONTROL."

*Law and Analysis*

**{¶8}** In her sole assignment of error, Evans maintains the trial court could impose no more than a six-month jail sentence pursuant to R.C. 2929.16(A)(6). Evans contends that the twelve-month jail sentence imposed by the trial court exceeds the six-month maximum limit set forth in R.C. 2929.16(A).

**Standard of Appellate Review.**

**{¶9}** Evans's argument centers on an issue of law, not the discretion of the trial court. "'When a court's judgment is based on an erroneous interpretation of the law, an abuse-of-discretion standard is not appropriate. *See Swartzentruber v. Orrville Grace Brethren Church,* 163 Ohio App.3d 96, 2005-Ohio-4264, 836 N.E.2d 619, ¶ 6; *Huntsman v. Aultman Hosp.*, 5th Dist. No. 2006 CA 00331, 2008-Ohio-2554, 2008 WL 2572598, ¶ 50.' *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13." *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, ¶6. Because the assignment of error involves the interpretation of a statute, which is a question of law, we review the trial court's decision de novo. *Med. Mut. of Ohio v. Schlotterer*, 122 Ohio St.3d 181, 2009-Ohio-2496, 909 N.E.2d 1237, ¶ 13; *Accord, State v. Pariag,* 137 Ohio St.3d 81, 2013-Ohio-4010, 998 N.E.2d 401, ¶ 9; *Hurt v. Liberty Township, Delaware County, OH,* 5th Dist. Delaware No. 17 CAI 05 0031, 2017-Ohio-7820, ¶ 31.

**Issue for Appellate Review:** *Whether R.C. 2929.16(A)(6) limits the trial court's discretion when imposing a sentence for a community control violation to a six-month jail sentence.*

{¶10} A "community control sanction" is defined by R.C. 2929.01(E) as a sanction that is not a prison term and is described in R.C. 2929.15 (community control), 2929.16 (residential sanctions), 2929.17 (nonresidential sanctions), and 2929.18 (financial sanctions). A residential sanction that may be imposed pursuant to R.C. 2929.16 includes a term of up to six months in a community-based correctional facility or jail. R.C. 2929.16(A)(1), (2). The duration of all community control sanctions imposed upon an offender shall not exceed five years. R.C. 2929.15(A)(1). *State v. Farner,* 5th Dist. Ashland No. 2011-COA-025, 2012-Ohio-317, ¶12.

{¶11} If the conditions of community control are violated, R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender. R.C. 2929.15(B) requires the court to consider both the seriousness of the original offense leading to the imposition of community control and the gravity of the community control violation. After finding that a defendant has violated community control sanctions, the sentencing court may: (1) extend the period of the same community control sanction, but not beyond the five-year maximum; (2) impose a more restrictive community control sanction for any remaining period of time up to the five-year maximum; or (3) cancel the community control sanction and impose a definite sentence of imprisonment within the range allowed for the offense under RC 2929.14(A). R.C. 2929.15(C). *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶22.

{¶12} Recently in *State v. Castner*, 2020-Ohio-4950, the Ohio Supreme Court applied R.C. 2929.15(B) in a case where the defendant was convicted of aggravated possession of drugs, a fifth-degree felony, in the Richland County Common Pleas Court. He was placed on community control. He violated the terms of his community control by

getting kicked out of his drug treatment program after program staff discovered he was using the facility's computers to contact young girls via a "Hello Kitty" themed email account. The Ohio Supreme Court held, "The conditions imposed by the court mandating that Castner complete the Alvis House and Re-Entry Court programs were plainly substantive rehabilitative requirements that were specifically tailored to address Castner's drug use and were aimed at reducing his likelihood of recidivism. Indeed, substance-abuse treatment was the central focus of Castner's community-control sanction." *Id.* at ¶16. The Supreme Court held, "Thus, the sentencing cap in R.C. 2929.15(B)(1)(c)(i) does not apply, and the trial court had the discretion to sentence Castner *to a 12-month prison term. Castner*, 2020-Ohio-4950, ¶18. [Emphasis added]. *Accord*, *State v. Breedlove,* 5th Dist. Richland No. 2020 CA 0036, 2020-Ohio-5285, ¶12 ("The instant case is similar to *Castner*. Appellant was originally convicted of possession of heroin. The violations of his community control, which he admitted, were all drug-related violations of substantive rehabilitative requirements specifically tailored to address his drug use and reduce his likelihood of recidivism. *We find the trial court did not abuse its discretion in sentencing Appellant to twelve months incarceration for violation of community control which was non-technical in nature.").* Emphasis added.

{¶13} R.C. 2929.19(B)(5) states that when a sentencing court determines that a community control sanction should be imposed, "[t]he court shall notify the offender that, if the conditions of the sanction are violated, * * * the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation." In the case at bar, Evans was notified during the original sentencing hearing that the court could impose a one-year sentence for a violation of

community control sanctions.  Upon finding that Evans had violated the conditions of her community control, the trial court in the case at bar did not impose a more restrictive residential sanction or a jail term pursuant to R.C. 2929.15(B)(1)(b) or R.C. 2929.16(A)(6). Rather, the trial court cancelled Evans's community control and imposed the original one–year sentence. The jail sentence imposed in the case at bar, was not imposed pursuant to R.C. 2929.16(A)(6); rather, because this is a TCAP case, application of R.C. 2929.34(B)(3)(c) mandated that Evans's one–year sentence be served at the Licking County Jail as opposed to a state correctional institution.

{¶14}  Accordingly, we find the trial court did not abuse its discretion in sentencing Evans to twelve months incarceration in the Licking County Jail for violation of community control which was non-technical in nature.

{¶15}  Evans's First Assignment of Error is overruled.

{¶16}   The judgment of the Licking County Court of Common Pleas is affirmed.


By Gwin, J.,

Baldwin, P.J., and

Delaney, J., concur