**[Cite as *State v. Talley*, 2021-Ohio-2558.]**

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio

    Appellee

v.

Duane Talley, Jr.

    Appellant

Court of Appeals Nos. L-20-1131
L-20-1132

Trial Court Nos. CR0202001127
CR0201601555

**DECISION AND JUDGMENT**

Decided: July 23, 2021

\* \* \* \* \*

Julia R. Bates, Lucas County Prosecuting Attorney, and
Erin Kennedy, Assistant Prosecuting Attorney, for appellee.

Laurel A. Kendall, for appellant.

\* \* \* \* \*

**OSOWIK, J.**

**{¶ 1}** This is a consolidated appeal from an August 5, 2020 judgment of the Lucas

County Court of Common Pleas, sentencing appellant to a 17-month term of

incarceration, following appellant's conviction on one amended count of attempted

failure to comply with an order or signal of a police officer, in violation of R.C. 2921.331, as reduced to a felony of the fourth degree.

{¶ 2} In conjunction with the above, appellant entered an admission that the 2020 felony conviction constituted a violation of appellant's community control imposed in a prior 2017 felony conviction, and was sentenced to a consecutive 18-month term of incarceration for the community control violation. For the reasons set forth below, this court affirms the judgment of the trial court.

{¶ 3} Appellant, Duane Talley, Jr., sets forth the following two assignments of error:

"I. The trial court abused its discretion when it informed appellant that he had an automatic right of appeal for a maximum sentence, and then sentenced appellant to the maximum sentence, minus one month, such that R.C. 2953.08 does not apply.

"II. The trial court abused its discretion when it sentenced appellant to two consecutive terms of incarceration in the midst of a public health emergency which is spread by close contact with other people."

{¶ 4} The following undisputed facts are relevant to this appeal. On March 15, 2017, appellant was convicted of one count of obstruction of justice, in violation of R.C. 2921.32(A)(5), a felony of the third degree. Appellant was sentenced to a three-year term of community control.

2.

{¶ 5} On October 18, 2019, in the course of a high-speed chase while fleeing from police, appellant drove his vehicle at such an excessive rate of speed that witnesses reported observing sparks coming from underneath appellant's vehicle.

{¶ 6} Appellant lost control of his vehicle, crashed, and continued to flee from the officers on foot.  Upon appellant's capture, appellant was found to be in possession of unlawful drugs.  These events occurred while appellant was on community control.

{¶ 7} On January 22, 2020, appellant was indicted on one count of failure to comply with the signal or order of a police officer, in violation of R.C. 2921.331, a felony of the third degree.

{¶ 8} On June 23, 2020, pursuant to a negotiated plea agreement, appellant pled guilty to the lesser offense of attempted failure to comply with the signal or order of a police officer, as reduced to a felony of the fourth degree.  A presentence investigation was ordered.

{¶ 9} On August 5, 2020, appellant was sentenced to serve a 17-month term of incarceration on the new offense, consecutive with the imposition of the previously suspended 18-month term of incarceration on the 2017 felony conviction due to the community control violation.  This appeal ensued.

{¶ 10} In the first assignment of error, appellant asserts that the trial court abused its discretion in correctly advising appellant that he would have an automatic right of appeal if a maximum 18-month sentence was imposed on the new offense, and thereafter imposing a 17-month sentence on the new offense.  We do not concur.

3.

{¶ 11} It is well-established that demonstration of abuse of discretion requires more than showing a mere error of law or judgment. It must be shown that the disputed trial court action was unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶ 12} Appellant maintains that the trial court sentence on the new felony conviction, although lawful and non-maximum, should nevertheless be construed as an improper infringement upon appellant's right to an appeal in the case. We note that the instant appeal seems to run counter to such a position.

{¶ 13} Specifically, appellant submits, "[W]hile arguably harmless error, this court should find that the court statement to appellant that he was entitled to an appeal as of right if you receive the maximum sentence potentially raised an expectation that a sentence at or arguably near the high end of the range was reviewable pursuant to statute. Therefore, a 17-month sentence for an F4, while lawful, arguably nullifies the reviewability of a maximum term sentence."

{¶ 14} Appellant's speculative position implies that an accurate trial court notification during a change of plea colloquy of an automatic right of appeal, if a maximum sentence is selected by the trial court, constrains the trial court's discretion to subsequently impose anything other than a maximum sentence. There is no legal support for such a position.

{¶ 15} We note that appellant concedes that the sentence was lawful and that any claimed error could be construed as harmless.

4.

{¶ 16} The transcript of the June 23, 2020 change of plea colloquy reflects that the trial court clearly and correctly advised appellant of the full range of potential rights of appeal and the timeframe in which to do so. The record further reflects that such a direct appeal was timely, successfully filed.

{¶ 17} The record reflects that no words or actions of the trial court infringed upon or precluded appellant from properly pursuing an appeal. Appellant's position is unpersuasive.

{¶ 18} Appellant has failed to demonstrate that the trial court was unreasonable, arbitrary, or unconscionable. Wherefore, appellant's first assignment of error is found not well-taken.

{¶ 19} In appellant's second assignment of error, appellant asserts that the trial court abused its discretion in imposing a period of incarceration to be served given the existence of coronavirus. We do not concur.

{¶ 20} Appellant now asserts, for the first time, that the state of Ohio's March, 2020 imposition of public space coronavirus-related requirements, such as masking and social distancing, should be construed so as to preclude a trial court's discretion to subsequently impose otherwise lawful terms of incarceration for the duration of the state's coronavirus orders.

{¶ 21} Ohio issued the coronavirus orders in March, 2020. On August 5, 2020, appellant was sentenced. The coronavirus issue was not raised at sentencing.

5.

**{¶ 22}** As set forth at ¶17 in *Cawley JV, L.L.C. v. Wall St. Recycling, L.L.C.*, 35 N.E.3d 30, 2015-Ohio-1846 (8th Dist.), "Arguments raised for the first time on appeal are generally barred. Such arguments are barred by the doctrine of waiver for failure to raise these arguments before the trial court. *It is well-established that a party cannot raise any new issues or legal theories for the first time on appeal * * * Litigants must not be permitted to hold their arguments in reserve for appeal*, thus evading the trial court process." (Emphasis added).

**{¶ 23}** The premise of appellant's second assignment of error, the claimed applicability of Ohio's coronavirus orders upon a trial court's discretion in subsequent felony sentencings, was not raised before the trial court, and was thereby waived for purposes of appeal.

**{¶ 24}** We further note that appellant submitted no objective evidence in support of these claims. Rather, appellant presents conjecture and conclusions.

**{¶ 25}** Wherefore, we find that appellant's second assignment of error is barred by the waiver doctrine and is unsupported by evidence. It is not well-taken.

**{¶ 26}** On consideration whereof, the judgment of the Lucas County Court of Common Pleas is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

6.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27.
*See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.                     _____
                                                               JUDGE

Thomas J. Osowik, J.

                                                        _____
Myron C. Duhart, J.                                        JUDGE
CONCUR.

                                                        _____
                                                               JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.supremecourt.ohio.gov/ROD/docs/.