[Cite as *State v. Espinoza*, 2022-Ohio-1807.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## ALLEN COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,               CASE NO. 1-21-48

    v.

JOSE F. ESPINOZA, JR.,             O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Allen County Common Pleas Court
Trial Court No. CR 2019 0175

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision: May 31, 2022

APPEARANCES:

    *Chima R. Ekeh* for Appellant

    *Jana E. Emerick* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Jose F. Espinoza, Jr. ("Espinoza"), appeals the September 30, 2021 judgment entry of the Allen County Court of Common Pleas revoking his community control and imposing a reserved-prison term. For the reasons that follow, we affirm in part and reverse in part.

{¶2} On June 13, 2019, the Allen County Grand Jury indicted Espinoza on Count One of breaking and entering in violation of R.C. 2911.13(A), (C), a fifth-degree felony, and Count Two of theft in violation of R.C. 2913.02(A)(1), (B)(2), a fifth-degree felony. Espinoza appeared for arraignment on June 20, 2019 and entered pleas of not guilty.

{¶3} On July 2, 2019, Espinoza withdrew his pleas of not guilty and entered a guilty plea, under a negotiated-plea agreement, to Count One of the indictment. Specifically, in exchange for Espinoza's change of plea, the State agreed to dismiss Count Two. The trial court accepted Espinoza's guilty plea, found him guilty, dismissed Count Two, and ordered a presentence investigation ("PSI").

{¶4} On August 22, 2019, the trial court sentenced Espinoza to three years of community control with a reserved 12-month prison term. Importantly, Espinoza did not directly appeal his conviction or sentence.

{¶5} As relevant to this case, on May 26, 2020, the trial court stayed Espinoza's community-control sentence pending his release from prison in another

case. Sometime after his release, at the request of the Allen County Probation Department-IPS Unit, the trial court ordered on February 21, 2021 that Espinoza "[e]nter and Successfully Complete Allen County Mental Health Treatment Court on the first attempt. Termination shall be a violation of Community Control." (Doc. No. 31). Thereafter, on August 25, 2021, Espinoza was terminated "unsuccessfully" from the Allen County Mental Health Treatment Court. (Doc. No. 34).

{¶6} On August 30, 2021, the State filed a motion to revoke Espinoza's community control. Following a probable-causing hearing on the State's motion on September 7, 2021, the case proceeded to a final-revocation hearing on September 30, 2021 during which the trial court concluded that Espinoza violated the terms and conditions of his community-control sanctions after Espinoza admitted to the violations alleged in the State's motion. (Doc. No. 44); (Sept. 30, 2021 Tr. at 2-4). That same day, the trial court revoked Espinoza's community control and imposed the reserved 12-month prison term. However, the trial court ordered that Espinoza serve the 12-month term in Allen County Jail under the Targeted Community Alternatives to Prison ("TCAP") program.

{¶7} On October 19, 2021, Espinoza filed a notice of appeal and raises two assignments of error.

## Assignment of Error No. I

**The Trial Court Erred When it Failed to Sentence Appellant to An Institution Under the Control of Ohio Department of Rehabilitation and Correction (ODRC) Pursuant to 2929.34(B)(3)(d) (Probation Violation Hearing Tr. Pg. 18, Tab 22-23).**

{¶8} In his first assignment of error, Espinoza argues that the trial court imposed his sentence in contravention of R.C. 2929.34. Specifically, Espinoza contends that the trial court should have ordered that he serve his 12-month prison term in an institution under the control of the Ohio Department of Rehabilitation and Correction ("ODRC"). The State concedes the error. We agree.

### *Standard of Review*

{¶9} Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶10}** Under R.C. 2929.34, "when a defendant is sentenced to prison from certain counties for certain fifth-degree felonies, the prison term will not be served in an institution under ODRC's control; instead, the sentence will be served locally, usually in a county jail or community-based correctional facility." *State v. Pope*, 2d Dist. Montgomery No. 28142, 2019-Ohio-4100, ¶ 5. *See also State v. Arthurs*, 5th Dist. Licking No. 21CA0002, 2021-Ohio-3296, ¶ 14 (acknowledging that "R.C. 2929.34(B)(3)(c) governs TCAP and provides that on and after July 1, 2018, no person sentenced by the court of common pleas of a voluntary county to a prison term for a felony of the fifth degree shall serve the prison term in an institution under the control of [ODRC], but shall instead serve the sentence as a term of confinement in a local facility"), citing R.C. 2929.34(C), (D). Allen County is one of the TCAP counties subject to the provisions of R.C. 2929.34 (by voluntary participation). *See* Sohl, *Ohio's Targeted Community Alternative to Prison Program: How A Good Idea Is Implemented Through Bad Policy*, 67 Cleve.St.L.Rev. 463, 465 (2019), fn. 7. *See also Pope* at ¶ 5.

**{¶11}** However, "R.C. 2929.34(B)(3)(d) sets forth certain exceptions to the mandated imprisonment at a non-ODRC facility." *Pope* at ¶ 6. Specifically, "R.C. 2929.34(B)(3)(d)(ii) provides that a defendant who has been previously convicted of a felony offense of violence as defined by R.C. 2901.01 is ineligible

for TCAP's *mandated* imprisonment at a non-ODRC facility." (Emphasis added.) *Arthurs* at ¶ 15.

{¶12} In this case, the trial court sentenced Espinoza to 12-months in prison, and ordered that he serve the prison sentence in the Allen County Jail under the TCAP program. However, Espinoza contends that he is *not* a TCAP-eligible offender. *Compare id.* at ¶ 14 (assessing whether the defendant constituted a TCAP-eligible offender). Specifically, Espinoza argues that, because the PSI reflects that he was convicted of burglary in 2005 and domestic violence in 2013 and 2015, the trial court erred by ordering that he serve his 12-month prison sentence in a non-ORDC facility. The State and this court agree.

{¶13} Indeed, the PSI reveals that Espinoza's 2005 burglary conviction could constitute an offense of violence depending on which subsection of the statute he was convicted that was in effect at the time of his conviction. *See* R.C. 2901.01(A)(9) (defining an "offense of violence" as including a violation of "division (A)(1), (2), or (3) of section 2911.12"); *Arthurs* at ¶ 17-18 ("Pursuant to the current version of R.C. 2911.12, an offense under subsections (A)(1), (2), and (3) is an "offense of violence," but an offense under subsection (B) is not." However, the "prior version of the burglary statute did not include the 'trespass into habitation' * * * version of the current R.C. 2911.12(B)."). Nevertheless, the PSI unequivocally discloses that Espinoza's 2013 and 2015 domestic-violence

convictions constitute offenses of violence under R.C. 2901.01(A)(9). *See* R.C. 2901.01(A)(9) (stating that an "offense of violence" includes a violation of R.C. 2919.25).

{¶14} Consequently, Espinoza's prior offense-of-violence convictions render him *ineligible* for the mandated imprisonment at a non-ORDC facility under R.C. 2929.34. *Accord State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 20. *See also Arthurs* at ¶ 28; *Pope* at ¶ 6 (concluding that "it would be wholly frivolous to argue that the trial court erred when it sentenced Pope to an ODRC-operated institution" based on Pope's prior offense-of-violence convictions). Accordingly, Espinoza's sentence is contrary to law. *See Dorsey* at ¶ 20. *See also State v. Johnson*, 3d Dist. Allen No. 1-20-48, 2021-Ohio-1768, ¶ 12.

{¶15} Therefore, Espinoza's first assignment of error is sustained.

**Assignment of Error No. II**

**The Trial Court Violated Appellant's Right to Due Process And Right to Be Free From Double Jeopardy When it Amended/Modified His Sentence Without a Formal Finding that Appellant Violated Any Existing Term or Condition of His Community Control. (Probation Violation Hearing Tr. Pg. 2, Tab 9-17).**

{¶16} In his second assignment of error, Espinoza argues that the trial court abused its discretion by concluding that he violated the terms and conditions of his community-control sanctions. Specifically, Espinoza contends that the trial court abused its discretion by concluding that there was substantial evidence that he

violated the terms and conditions of a community-control sanction which was unlawfully imposed. Furthermore, Espinoza argues that the trial court had no authority to impose any additional term or condition to his community-control sanctions on February 21, 2021 without providing him the minimum due-process requirements applicable to community-control revocation proceedings.

*Standard of Review*

**{¶17}** The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion. *State v. McKeithen*, 3d Dist. Marion No. 9-08-29, 2009-Ohio-84, ¶ 7. An abuse of discretion suggests that a decision is unreasonable, arbitrary, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157-158 (1980).

*Analysis*

**{¶18}** "This Court has held that although a revocation proceeding must comport with the requirements of due process, it is not a criminal proceeding. *McKeithen* at ¶ 22. "Therefore, the minimum due process requirements afforded a defendant in a [community-control] revocation proceeding differ from those in a criminal trial." *Id.* The minimum due-process requirements for revocation hearings are: (a) Written notice of the claimed violations; (b) disclosure of evidence against him or her; (c) the opportunity to be heard in person and to present witnesses and documentary evidence; (d) the right to confront and cross-examine adverse

witnesses; (e) a neutral and detached hearing body; and (f) a written statement by the fact finders as to the evidence relied on and reasons for revocation. *Id.*

**{¶19}** Since a community-control-revocation hearing is not a criminal proceeding, "the State is not required to prove a violation of the terms of community control beyond a reasonable doubt." *Id.* at ¶ 6. "The State must, instead, show 'substantial' evidence that the offender violated the terms of his community control sanctions." *Id.* This court has stated that "'[s]ubstantial evidence is akin to a preponderance-of-the-evidence burden of proof.'" *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 21, quoting *State v. Burdette*, 5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, ¶ 26, citing *State v. Ohly*, 166 Ohio App.3d 808, 2006-Ohio-2353, ¶ 18 (6th Dist.). "'Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance.'" *Id.*, quoting *Burdette* at ¶ 26. *See also State v. Hope*, 6th Dist. No. WD-18-080, 2019-Ohio-3023, ¶ 14.

**{¶20}** Here, Espinoza argues that the trial court abused its discretion by concluding that he violated the terms and conditions of his community-control sanctions because a sanction of which it was alleged that he violated was unlawfully imposed. Specifically, Espinoza contends that the trial court imposed the additional community-control sanction on February 19, 2021 in contravention of R.C.

2929.15(B) and that the trial court could not revoke his community control based on a violation of that sanction.

**{¶21}** R.C. 2929.15(B) governs the sentencing of an offender following a violation of the terms and conditions of a community-control sanction.

> After finding that a defendant has violated community control sanctions, the sentencing court may: (1) extend the period of the same community control sanction, but not beyond the five-year maximum; (2) impose a more restrictive community control sanction for any remaining period of time up to the five-year maximum; or (3) cancel the community control sanction and impose a definite sentence of imprisonment within the range allowed for the offense under R.C. 2929.14(A).

*State v. Evans*, 5th Dist. Licking No. 2020CA00078, 2021-Ohio-590, ¶ 11, citing *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, ¶ 22 and R.C. 2929.15(B). Importantly, "R.C. 2929.15(B) authorizes the post-sentencing imposition of more restrictive community control sanctions only if the original probationary conditions have been violated." *State v. Hooks*, 128 Ohio App.3d 750, 753, (8th Dist.1998). *See also State v. Hawk*, 5th Dist. Knox No. 20-CA-11, 2020-Ohio-4385, ¶ 13 ("'It is well established in law that once a valid sentence has been executed, a trial court no longer has the power to modify the sentence except as provided by the General Assembly.'"), quoting *State v. Hayes*, 86 Ohio App.3d 110, 112 (1st Dist.1993).

**{¶22}** However, because Espinoza failed to raise the argument he now raises, he waived all but plain error on appeal. *Accord Hawk* at ¶ 13, citing *State v. Long*, 53 Ohio St.2d 91 (1978) at paragraph one of the syllabus, and Crim.R. 52(B). "In

order to prevail under a plain error analysis, [an] appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error." *Id.*, citing *Long* at paragraph two of the syllabus. "A court recognizes plain error with the utmost caution, under exceptional circumstances, and only to prevent a miscarriage of justice." *State v. Smith*, 3d Dist. Hardin No. 6-1414, 2015-Ohio-2977, ¶ 63, citing *State v. Saleh*, 10th Dist. Franklin No. 07AP-431, 2009-Ohio-1542, ¶ 68.

{¶23} Assuming without deciding that the trial court's imposition of the additional community-control sanction constitutes a more restrictive post-sentence sanction, the trial court's imposition of the additional sanction on February 21, 2021 does not amount to plain error. That is, Espinoza cannot demonstrate that the outcome of his community-control revocation hearing would have been different.

{¶24} Even though the State filed a motion to revoke Espinoza's community control on August 30, 2021, Espinoza's unsuccessful termination from the Allen County Mental Health Treatment Court is not the only basis on which the State's motion is based. The State also alleged that Espinoza violated the terms and conditions of his community-control sanctions requiring him to "not possess, use, purchase or have under [his] control any drug paraphernalia, narcotic drug, synthetic substances, alcohol or control substance" and to "report as directed and make [himself] available for supervision." (Doc. No. 36). In particular, the State alleged

that Espinoza "repeatedly use/tested [sic] positive for the use of/possessed alcohol and/or drugs from 02/22/2021 till [sic] 05/21/2021" and "admitted to still using marijuana and trying to flush his system to get himself clean for testing. (*Id.*). Further, the State alleged that Espinoza "absconded Supervision under Community Control from the Allen County Adult Probation Department and a bench warrant was issued by the Court on 06/21/2021." (*Id.*).

{¶25} At the final-revocation hearing, Espinoza admitted to the violations alleged in the State's motion. Consequently, there was substantial evidence presented at the final-revocation hearing from which the trial court could conclude that Espinoza violated the terms and conditions of his community-control sanctions. Therefore, the trial court did not abuse its discretion by concluding that Espinoza violated the terms and conditions of his community-control sanctions. Accordingly, Espinoza cannot demonstrate that the outcome of his community-control-revocation hearing would have been different.

{¶26} Thus, Espinoza's second assignment of error is overruled.

{¶27} Having found no error prejudicial to the appellant herein in the particulars assigned and argued in the second assignment of error, we affirm the judgment of the trial court. Having found error prejudicial to the appellant herein in the particulars assigned and argued in the first assignment of error, we reverse the

judgment of the trial court and remand for further proceedings consistent with this opinion.

> ***Judgment Affirmed in Part,***
> ***Reversed in Part and***
> ***Cause Remanded***

**MILLER and SHAW, J.J., concur.**

**/jlr**