[Cite as *State v. Crayton*, 2022-Ohio-3183.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

MARVIN CRAYTON, JR.,

    DEFENDANT-APPELLANT.

CASE NO. 3-22-10

O P I N I O N

Appeal from Crawford County Common Pleas Court
Trial Court No. 20-CR-0315

**Judgment Affirmed**

**Date of Decision:  September 12, 2022**

APPEARANCES:

    *Howard A. Elliott* for Appellant

    *Bailey Higgins* for Appellee

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Marvin Crayton, Jr. ("Crayton") appeals the judgment of the Crawford County Court of Common Pleas, alleging the trial court erred in finding that he had violated a community control condition. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On September 15, 2020, Crayton was indicted on one count of criminal non-support in violation of R.C. 2919.21(A)(2), a felony of the fifth degree. Doc. 1. On August 11, 2021, Crayton entered into a plea agreement under which he pled guilty to the charge against him. Doc. 20. The trial court then sentenced him to five years of community control. Doc. 21. On January 10, 2022, a motion was filed that alleged that Crayton violated the fifth condition of his community control by failing to appear for an office visit. Doc. 25. The trial court then held a hearing and determined that there was probable cause to find that Crayton had "fail[ed] to appear since October * * *." Jan. 10 Tr. 4.

{¶3} At a hearing on March 14, 2022, Crayton's probation officer, Eric Bohach ("Bohach") testified that supervision in this case began on August 11, 2022. Mar. 14 Tr. 11. He then stated that Crayton appeared for a meeting on August 20, 2021 where he was informed that his next office visit was scheduled for October 19, 2021. *Id*. at 12. However, Bohach testified that Crayton did not appear for the scheduled office visit on October 19, 2021. *Id*. at 11-12. He stated that Crayton did

not contact his office in advance to explain that he would not be able to appear for the visit. *Id.* Further, he testified that Crayton did not respond to any text messages that were sent to him after he failed to appear for his office visit. *Id.* 11-12, 13, 16-17.

**{¶4}** Bohach then scheduled an office visit for November 2, 2021. Mar. 14 Tr. 12. After Crayton failed to appear for this office visit, a warrant for his arrest was issued on November 5, 2021. *Id.* at 15. Doc. 23. Bohach testified that, on November 19, 2021, he "got an email from his [Crayton's] APA officer saying that he was arrested on a PRC violation and that they had him in custody." Mar. 14 Tr. 15. Doc. 23. Bohach testified that he did not know the precise date on which Crayton was arrested. Mar. 14 Tr. 15. On cross-examination, the following exchange occurred:

> **[Defense Counsel]: So you would agree with me that the only one that he truly missed was one appointment on 10-19?**
>
> **[Bohach]: And then the second one on November 2nd.**
>
> **[Defense Counsel]: But you don't know if he was in jail at that point, right?**
>
> **[Bohach]: No, I do not know if he was in jail at that point.**

*Id.* at 16. After hearing this testimony, the trial court found that Crayton failed to appear for his office visit on October 19, 2021 and that he had committed a community control violation. *Id.* at 20. The trial court issued its judgment entry of sentencing on March 16, 2022. Doc. 34.

*Assignment of Error*

**{¶5}** The appellant filed his notice of appeal on April 13, 2022. Doc. 40. On appeal, Crayton raises the following assignment of error:

> **The finding by the trial court of a violation of community control condition, that of failure to report as scheduled, was against the manifest weight of the evidence, and as such the decision of the trial court must be reversed.**

*Legal Standard*

**{¶6}** "Because a community control violation hearing is not a criminal trial, the State need not prove a violation beyond a reasonable doubt." *State v. Roberts*, 2017-Ohio-481, 84 N.E.3d 339, ¶ 20 (2d Dist.). Instead, "the State must show substantial evidence that the offender violated the terms of his community-control sanctions at a community-control-revocation hearing." *State v. Boykins*, 3d Dist. Marion No. 9-14-28, 2015-Ohio-1341, ¶ 20.

> **'Substantial evidence is akin to a preponderance-of-the-evidence burden of proof.'** *State v. Burdette*, **5th Dist. Morrow No. 10-CA-9, 2011-Ohio-4425, *4 * * *. 'Substantial evidence is considered to consist of more than a mere scintilla of evidence, but somewhat less than a preponderance.'** *Id*. *** *.

(Citations omitted.) *Id*. at ¶ 21. "The decision of a trial court finding a community-control violation will not be disturbed absent an abuse of discretion." *State v. Espinoza*, 3d Dist. Allen No. 1-21-48, 2022-Ohio-1807, ¶ 17. An abuse of discretion is not simply an error of judgment but is a decision that was arbitrary,

unreasonable, or capricious. *State v. Wilson*, 2022-Ohio-504, 185 N.E.3d 176, ¶ 37 (3d Dist.).

*Legal Analysis*

**{¶7}** In his brief, Crayton points to the fact that he was in the custody of the Adult Parole Authority "as of mid-November, 2021, although the exact timing of when he went into custody is unclear from the record." Appellant's Brief, 5. He then asserts that the State did not establish that he was not incarcerated on October 19, 2021 and that he was, therefore, free to appear for his office visit. For this reason, Crayton argues that the trial court erred in finding that he had committed a community control violation by failing to appear for this office visit.

**{¶8}** At the March 14, 2022 hearing, Crayton was alleged to have missed an office visit on October 19, 2021 and an office visit on November 2, 2021. Mar. 14 Tr. 11-12. On cross-examination, Bohach testified that those under supervision receive automated text-message reminders of upcoming office visits. *Id.* at 14. The Defense questioned Bohach about whether he could establish that Crayton had received the automated text-message in advance of the October 19, 2021. *Id.* at 14-15.[1] The Defense did not inquire into whether Bohach knew if Crayton was incarcerated at the time of the office visit scheduled for October 19, 2021. *Id.*

---

[1] On this point, Bohach testified that "our text messages, when they go out, it tells us if it was * * * sent, if it was denied or if it was received and all these say delivered." Mar. 14 Tr. 15.

{¶9} However, when questioning Bohach about the office visit that had been scheduled for November 2, 2021, the Defense raised the issue of whether Bohach was aware of whether Crayton was incarcerated on or before November 2, 2021 in the following exchange:

> **[Defense Counsel]: So you would agree with me that the only one that he truly missed was one appointment on 10-19?**
>
> **[Bohach]: And then the second one on November 2nd.**
>
> **[Defense Counsel]: But you don't know if he was in jail at that point, right?**
>
> **[Bohach]: No, I do not know if he was in jail at that point.**

Mar. 14 Tr. 16. Subsequently, the trial court then stated the following:

> **Now, the State does have the burden of proof * * *, and the State has proved that he [Crayton] did not show up for one of his, for the 19th, I think that's pretty clear here that the Defendant did fail to show up on the 19th and then there was no contact afterwards. There's some debate, and I think it's a valid debate, about what happened after he missed that was the reason he couldn't follow-up that he, um, he was in custody or was there something else. However, there was testimony that there were text messages that were given to him preceding, afterwards, all that, so I believe the State's proved * * * that the Defendant failed to appear at [a] Community Control meeting with his probation officer in this particular case. So I mean they've proved * * * that he violated his Community Control. Now, the level of that violation is a little bit at odds here. *The Court knows that he, that he, I think it's clear he missed the October 19th meeting, no one seems to be arguing that*.**

(Emphasis added.) *Id*. at 20. Thus, while the record indicates that there was uncertainty as to whether Crayton was incarcerated on November 2, 2021, the

record contains no indication that there was uncertainty as to whether Crayton was incarcerated on October 19, 2021. The March 14 hearing transcript indicates that the trial court and the parties to this proceeding operated on the shared assumption that Crayton was incarcerated *after* October 19, 2021.[2] *Id.*

{¶10} On appeal, Crayton raises arguments about whether the State proved that he was not incarcerated at the time of the scheduled office visit on October 19, 2021. However, the record contains no indication that there was ever a dispute before the trial court about whether Crayton was incarcerated on October 19, 2021.

> **Arguments raised for the first time on appeal are generally barred. Such arguments are barred by the doctrine of waiver for failure to raise these arguments before the trial court. It is well-established that a party cannot raise any new issues or legal theories for the first time on appeal * * *. Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process.**

*State v. Talley*, 6th Dist. Lucas Nos. L-20-1131, L-20-1132, 2021-Ohio-2558, ¶ 22, quoting *Cawley JV, L.L.C. v. Wall St. Recycling, L.L.C.*, 2015-Ohio-1846, 35 N.E.3d 30, ¶ 17 (8th Dist.). Since Crayton did not dispute this issue before the trial court, he cannot now raise this argument for the first time on appeal.

{¶11} Having examined the information in the record, we conclude that there is substantial evidence that supports a finding that Crayton failed to appear for his office visit on October 19, 2021. Other than arguing that the State failed to establish

---

[2] Further, we also note that the prosecutor stated at the March 14 hearing that she "look[ed] up his record" during the hearing and that "it look[ed] like it [Crayton's incarceration] was about November 13th * * *." Mar. 14 Tr. 20-21.

that he was not incarcerated on October 19, 2021, Crayton has not raised any other arguments to challenge the judgment of the trial court in this appeal. Thus, he has failed to demonstrate that the trial court erred and abused its discretion in finding that he violated a condition of his community control. Accordingly, Crayton's sole assignment of error is overruled.

*Conclusion*

{¶12} Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/hls**