[Cite as *State v. Carpenter*, 2022-Ohio-3603.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    CASE NO. 3-22-09

v.

LUCAS CARPENTER,          O P I N I O N

    DEFENDANT-APPELLANT.

---

**Appeal from Crawford County Common Pleas Court**
**Trial Court No. 20-CR-0310**

**Judgment Affirmed**

**Date of Decision:  October 11, 2022**

---

APPEARANCES:

    *Howard A. Elliott* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{¶1} Defendant-appellant Lucas A. Carpenter ("Carpenter") appeals the judgment of the Crawford County Court of Common Pleas, arguing that the trial court erred by failing to impose a less restrictive sanction on him pursuant to R.C. 2929.15(C). For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶2} On August 25, 2020, Carpenter was indicted on one count of tampering with evidence in violation of R.C. 2921.12(A)(1), a felony of the third degree, and on one count of possession of drugs in violation of R.C. 2925.11(A), a felony of the fifth degree. Doc. 1. On June 9, 2021, Carpenter pled guilty to the count of tampering with evidence as charged. Doc. 29. The trial court then granted the State's motion to dismiss the charge of possession of drugs. Doc. 29. Carpenter was then sentenced to five years of community control. Doc. 30. The trial court ordered Carpenter to "enter and successfully complete the CBCF [Community Based Correctional Facility] inpatient * * * alcohol/drug treatment program." Doc. 30.

{¶3} On January 26, 2022, a motion was filed with the trial court that alleged that Carpenter had violated a condition of his community control, having been "unsuccessfully terminated" from the CBCF program "for multiple rule infractions." Doc. 32. At a hearing on March 7, 2022, Carpenter admitted to

violating a condition of his community control. Doc. 36. March 7 Tr. 4. The trial court then found that Carpenter had violated the conditions of his community control and imposed a prison sentence of twelve months for this violation with 301 days of jail-time credit. Doc. 36.

*Assignment of Error*

**{¶4}** Carpenter filed his notice of appeal on April 4, 2022. Doc. 42. On appeal, he raises the following assignment of error:

> **Where the offender successfully [ful]fills a community control violation in an exemplary manner for a significant period of time, it is an abuse of discretion by the trial court to not consider an imposition of a less restrictive sanction.**

In particular, Carpenter argues that he should have received a less restrictive sanction pursuant to R.C. 2929.15(C) because he participated in the CBCF program for 174 days before he was unsuccessfully terminated.

*Legal Standard*

**{¶5}** "Community control proceedings are created by statute and set forth in R.C. 2929.15." *State v. Ogle*, 4th Dist. Hocking No. 16CA22, 2017-Ohio-869, ¶ 8. "R.C. 2929.15(B) governs the sentencing of an offender following a violation of the terms and conditions of a community-control sanction." *State v. Espinoza*, 3d Dist. Allen No. 1-21-48, 2022-Ohio-1807, ¶ 21. "If the conditions of community control are violated, R.C. 2929.15(B) provides the trial court a great deal of latitude in

sentencing the offender." *State v. Brooks*, 103 Ohio St.3d 134, 2004-Ohio-4746, 814 N.E.2d 837, ¶ 20. Pursuant to R.C. 2929.15(B),

> **the sentencing court may: (1) extend the period of the same community control sanction, but not beyond the five-year maximum; (2) impose a more restrictive community control sanction for any remaining period of time up to the five-year maximum; or (3) cancel the community control sanction and impose a definite sentence of imprisonment within the range allowed for the offense under R.C. 2929.14(A).**

*Espinoza, supra*, at ¶ 21, quoting *State v. Evans*, 5th Dist. Licking No. 2020CA00078, 2021-Ohio-590, ¶ 11. *See also Brooks* at ¶ 22.

{¶6} By way of contrast, "R.C. 2929.15(C) authorizes a trial court to modify a community residential sanction (R.C. 2929.16), a nonresidential sanction (R.C. 2929.17), or a financial sanction (R.C. 2929.18)." *State v. Weeks*, 8th Dist. Cuyahoga No. 110195, 2021-Ohio-3735, ¶ 12. R.C. 2929.15(C) reads as follows:

> **If an offender, for a significant period of time, fulfills the conditions of a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code in an exemplary manner, the court may reduce the period of time under the sanction or impose a less restrictive sanction, but the court shall not permit the offender to violate any law or permit the offender to leave the state without the permission of the court or the offender's probation officer.**

R.C. 2929.15(C). In general, "once a valid sentence has been executed, a trial court no longer has the power to modify that sentence except as provided by law." *State v. Castillo*, 2d Dist. Montgomery No. 24022, 2011-Ohio-1821, ¶ 19. However, R.C. 2929.15(C) provides a framework that "allows a trial court to modify a community

control sanction under certain circumstances." *State v. Grodi*, 6th Dist. Ottawa Nos. OT-99-077, 99-CR-140, 2000 WL 1232395, *2 (Sept. 1, 2000).

**{¶7}** In examining R.C. 2929.15(C), the Ohio Supreme Court has explained why this provision exists, stating that "[t]he requirement of court action in the event of bad behavior applies with equal force in the event of good, or even exemplary, behavior." *State v. Rue*, 164 Ohio St.3d 270, 2020-Ohio-6706, 172 N.E.3d 917, ¶ 37. Thus, in the event of good behavior, R.C. 2929.15(C) gives a trial court the authority "to shorten or end community control * * *." *State v. Pooler*, 2d Dist. Montgomery No. 28661, 2021-Ohio-1432, fn. 2. *See also State v. Aguirre*, 144 Ohio St.3d 179, 2014-Ohio-4603, 41 N.E.3d 1178, ¶ 32 (O'Neill, J., dissenting) (explaining that R.C. 2929.15(C) gives a trial court the authority, "for good cause shown," to "lighten a sentence" where an offender has exhibited exemplary behavior, indicating that he or she "has gotten the message").

*Legal Analysis*

**{¶8}** In this case, Carpenter admitted that his unsuccessful termination from a CBCF program constituted a community control violation. March 7 Tr. 4. On appeal, he argues that, pursuant to R.C. 2929.15(C), the trial court should have imposed a less restrictive sanction on him at sentencing because he was involved in the CBCF program for 174 days before he was unsuccessfully terminated. However, this argument misapprehends the purpose of R.C. 2929.15(C).

{¶9} In general, "once a valid sentence has been executed, a trial court no longer has the power to modify that sentence except as provided by law." *Castillo*, *supra*, at ¶ 19. However, R.C. 2929.15(C) allows a trial court to modify an existing sanction where "an offender, for a significant period of time, fulfills the conditions of a sanction * * * in an exemplary manner * * *." R.C. 2929.15(C). Thus, this provision empowers a trial court, in response to an offender's exemplary behavior under a sanction, to "reduce the period of time" remaining under that sanction or to "impose a less restrictive sanction" in place of that sanction. R.C. 2929.15(C).

{¶10} However, the case presently before this court was not occasioned by an offender "fulfill[ing] the conditions of a sanction in an exemplary manner * * *." R.C. 2929.15(C). *See State v. Butcher*, 11th Dist. Ashtabula No. 2003-A-0024, 2004-Ohio-5305, ¶ 13. Rather, in this case, the trial court was responding to an offender violating a condition of a community control sanction. As a general matter, R.C. 2929.15(C) applies to situations in which the offender fulfills the conditions of a sanction and not to situations in which the offender violates a condition of a sanction. Thus, Carpenter's actions in this case did not give rise to a situation in which R.C. 2929.15(C) would be germane.

{¶11} Further, R.C. 2929.15(C) allows a trial court to make an existing sanction less severe by reducing its length or imposing a less restrictive sanction in its place. By exercising either of the options listed in R.C. 2929.15(C) in this case, the trial court would effectively reward Carpenter for violating a condition of his

community control. Thus, in asserting that R.C. 2929.15(C) should be applied in this case, Carpenter is essentially arguing that the trial court erred by failing to make the sanction he violated less severe. This would not comport with the Ohio Supreme Court's rationale for the existence of R.C. 2929.15(C): that courts are to take action "with equal force in the event of good * * * behavior" and "in the event of bad behavior * * *." *Rue, supra*, at ¶ 37. For these reasons, we conclude that this argument is without merit.

{¶12} Aside from pointing to R.C. 2929.15(C), Carpenter raises no other argument against his sentence on appeal. However, even if we were to construe his argument as a more general assertion that the trial court should have imposed a more lenient sentence for his community control violation under R.C. 2929.15(B) because he had been involved in the CBCF program for 174 days, Carpenter would still not prevail. As an initial matter, we note that "R.C. 2929.15(B) provides the trial court a great deal of latitude in sentencing the offender" for community control violations. *Evans*, *supra*, at ¶ 11. Additionally, when a "prison term [is] * * * within the appropriate statutory range, * * * the sentence is presumptively valid." *State v. Chears*, 3d Dist. Hancock No. 5-20-24, 2021-Ohio-260, ¶ 19.

{¶13} In this case, not only did the prison term fall within the statutory range, but the trial court also declined to impose the maximum thirty-six month prison term as requested the State and instead ordered Carpenter to serve twelve months in prison. March 7 Tr. 21-22. *See also* June 9 Tr. 5. Further, the fact that R.C.

2929.15(C) is not directly relevant to this case does not mean that the trial court could not consider any good behavior that Carpenter had exhibited during his time in the CBCF program as it fashioned a sentenced under R.C. 2929.15(B). Before imposing this sentence, the trial court considered the fact that Carpenter had been involved with the CBCF program for 174 days and listened to an explanation of the events surrounding his unsuccessful termination. March 7 Tr. 6-8. With this information, the trial court then considered the factors listed in R.C. 2929.12 and the principles of felony sentencing in R.C. 2929.11. *Id*. at 17-18. Given these facts, even if Carpenter intended to make a more general argument that the trial court should have imposed a more lenient sentence under R.C. 2929.15(B), his argument would still be without merit. Accordingly, his sole assignment of error is overruled.

*Conclusion*

{¶14} The trial court did not err by failing to resort to R.C. 2929.15(C) in sentencing Carpenter for a community control violation. Further, in this appeal, Carpenter has not identified an error that the trial court committed in the process of sentencing him. Having found no error prejudicial to the appellant in the particulars assigned and argued, the judgment of Crawford County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**MILLER and SHAW, J.J., concur.**

**/hls**