[Cite as *Anderson v. Anderson*, 2026-Ohio-2246.]

## IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

SCOTT ANDERSON,

  PLAINTIFF-APPELLANT,

   v.

SUSAN ANDERSON,

  DEFENDANT-APPELLEE.

CASE NO. 14-25-34

OPINION AND
JUDGMENT ENTRY

Appeal from Union County Common Pleas Court
Domestic Relations Division
Trial Court No. 23 DR 0250

Judgment Affirmed

Date of Decision: June 15, 2026

APPEARANCES:

*Tonya McCreary Williams* for Appellant

**MILLER, J.**

{¶1} Appellant, Scott Anderson ("Scott"), appeals the decree of divorce filed on July 11, 2025 in the Union County Court of Common Pleas, Domestic Relations Division. For the reasons that follow, we affirm.

{¶2} Scott and Susan Anderson ("Susan") were married on August 21, 1999. On October 26, 2023, Scott filed a complaint for divorce. Susan filed her answer and a counterclaim for divorce on November 20, 2023.

{¶3} A divorce hearing was held before a magistrate on October 17, 2024, November 12, 2024, and February 25, 2025. The magistrate filed his decision and recommendations on May 9, 2025.

{¶4} On May 23, 2025, Scott filed a document styled "Plaintiff's Objections to Magistrate's Decision and Motion for Additional Time to File Supplemental Objections." In that motion, Scott summarily alleged that "[t]he Magistrate's decision failed to consider all relevant factors under R.C. 3109.04, is against the manifest weight of the evidence, and is plain error in the application of the law."[1] Scott acknowledged that a transcript had not been prepared and stated that he "intends to file a supplemental motion specifically stating all grounds for Plaintiff's

---

[1] R.C. 3109.04, which concerns the allocation of parental rights and responsibilities, is inapplicable to the instant case because Scott and Susan do not have minor children.

objections after the transcript has been prepared" and asked the trial court for additional time to file the transcript and leave to file his supplemental objections.

{¶5} In a magistrate's order filed on May 28, 2025, the magistrate granted Scott until June 23, 2025 to file a transcript and until July 7, 2025 to file supplemental objections. Scott did not file supplemental objections or a transcript during that time nor did he request additional time to do so.

{¶6} On July 11, 2025, the trial court filed the decree of divorce. The trial court noted that no transcript of evidence had been filed and no supplemental objections were filed by Scott. The court found that Scott's May 23, 2025 filing is "not sufficiently specific" and "does not state with particularity all grounds for any objections" and fails to reference "any part of the evidence to support any objections." Accordingly, the trial court overruled Scott's objections. The trial court adopted the magistrate's findings and recommendations and granted the parties' divorce.

{¶7} Scott subsequently filed a notice of appeal. At that time, Scott filed a praecipe for the preparation of the transcript of the divorce hearing. The transcript was filed on December 15, 2025.

{¶8} Scott raises five assignments of error for our review, which we address together.

**First Assignment of Error**

**The trial court erred by awarding spousal support based on clearly erroneous findings regarding Appellant's income and retirement benefits.**

**Second Assignment of Error**

**The trial court erred by dividing Appellant's pension as marital property while simultaneously calculating spousal support using the full pension income, resulting in inequitable duplication.**

**Third Assignment of Error**

**The trial court erred by failing to consider Appellee's current employment and earning capacity when determining spousal support.**

**Fourth Assignment of Error**

**The trial court erred by awarding attorney fees based on a clearly erroneous finding that Appellant possessed military retirement benefits.**

**Fifth Assignment of Error**

**The trial court erred by granting Appellee three years to refinance the marital residence, thereby impairing Appellant's VA loan entitlement and financial independence.**

{¶9} In his assignments of error, Scott alleges that the trial court abused its discretion by adopting the magistrate's recommendation regarding the valuation and distribution of the parties' martial property, award of spousal support and payment of attorney fees. Scott contends that "[t]he spousal support award, attorney fee award, and refinance provisions constitute abuses of discretion grounded in factual error and inequitable application of Ohio law." (Appellant's Brief at 12).

{¶10} The issues raised by Scott, if supported by the record, are concerning. However, before addressing the merits of Scott's assignments of error, we must determine whether he preserved his arguments for appeal.

{¶11} Generally, "[a]n appellate court reviews the trial court's decision to adopt, reject, or modify the Magistrate's decision under an abuse of discretion standard." *Twalt v. Peacock*, 2011-Ohio-1726, ¶ 31 (3d Dist.), citing *Figel v. Figel*, 2009-Ohio-1659, ¶ 9 (3d Dist.). The trial court may adopt, reject, or modify the magistrate's decision. Civ.R. 53(D)(4)(b). When ruling on objections to the magistrate's decision, the trial court is "not required to follow or accept the findings or recommendations of its magistrate." (Citations omitted.) *Stumpff v. Harris*, 2006-Ohio-4796, ¶ 16 (2d Dist.). Rather, before ruling on objections "the court may hear additional evidence but may refuse to do so unless the objecting party demonstrates that the party could not, with reasonable diligence, have produced that evidence for consideration by the magistrate." Civ.R. 53(D)(4)(d). Thus, the trial court reviews a magistrate's decision under a de novo standard of review. *Stumpff* at ¶ 16.

{¶12} Civ.R. 53(D)(3)(b), which governs objections to the magistrate's decision, outlines specific procedural requirements parties must follow when filing objections to a magistrate's decision. Specifically, "Civ.R. 53(D)(3)(b) provides that objections to a magistrate's decision 'shall be specific and state with particularity all grounds for objection.'" *Depinet v. Norville*, 2020-Ohio-3843, ¶ 60

(3d Dist.). "When an objecting party fails to state an objection with particularity as required under Civ.R. 53(D)(3)(b)(ii), the trial court may affirm the magistrate's decision without considering the merits of the objection." *Wallace v. Willoughby*, 2011-Ohio-3008, ¶ 20 (3d Dist.). Moreover, Civ.R. 53(D) provides that objections to a magistrate's decision "shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding." *Fogt v. Fogt*, 2019-Ohio-1403, ¶ 12 (3d Dist.).

{¶13} Scott failed to file a transcript of the divorce hearing or specific supplemental objections within the deadlines set by the magistrate's order. Thus, the trial court was required to adopt the magistrate's findings of fact and review the magistrate's conclusions of law based on those factual findings. *Nieto v. Marcellino*, 2018-Ohio-4952, ¶ 15 (11th Dist.); Civ.R. 53. "'Where the failure to provide the relevant portions of the transcript or suitable alternative is *clear* on the face of the submissions, the trial court cannot then address the merits of that factual objection because the objecting party, whether through inadvertence or bad faith, has not provided all of the materials needed for the review of that objection.'" (Emphasis in original.) *Fogt* at ¶ 13, quoting *Nieto* at ¶ 15. Furthermore, as the trial court noted, the "objections" filed by Scott on May 23, 2025 were not sufficiently specific and failed to state with particularity all grounds for objection, as required by Civ.R. 53(D)(3).

{¶14} "When a party fails to object to a factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b) and assigns as error on appeal anything other than plain error, the appellate court need not address that assigned error." *Krill v. Krill*, 2014-Ohio-2577, ¶ 70, citing *McMaster v. Akron Health Dept. Hous. Div.*, 2010-Ohio-3851, ¶ 10 (9th Dist.). "'It is well-established that a party cannot raise any new issues or legal theories for the first time on appeal[.] Litigants must not be permitted to hold their arguments in reserve for appeal, thus evading the trial court process.'" *State v. Crayton*, 2022-Ohio-3183, ¶ 10 (3d Dist.), quoting *State v. Talley*, 2021-Ohio-2558, ¶ 22 (6th Dist.). Accordingly, by failing to file specific objections supported by a transcript, Scott failed to preserve his ability to challenge the trial court's adoption of the magistrate's factual findings on appeal. "'[T]his court will not sua sponte undertake a plain-error analysis if [an appellant] fails to do so.'" *Krill* at ¶ 70, quoting *McMaster* at ¶ 20. *See Snider v. Snider*, 2025-Ohio-77, ¶ 29. Scott does not argue plain error on appeal and, instead, contends that we should review his assignments of error, which are factually dependent, under an abuse of discretion standard. Thus, because Scott fails to assign or argue plain error on appeal, we decline to make those arguments for him. Additionally, under the circumstances present in this case, it is not appropriate for this Court to ferret out error in a transcript that was only filed as part of the appeal and was not provided to the trial court for its review of the magistrate's decision. Accordingly, we need not and do not address the merits of his assignments of error. *Krill* at ¶ 71; *Tanner v.*

*Carmichael*, 2025-Ohio-4501, ¶ 18 (9th Dist.) ("Mother has not argued plain error on appeal and this Court will not develop such an argument on her behalf."); *Crayton* at ¶ 10.

{¶15} Scott's assignments of error are overruled.

{¶16} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the Union County Court of Common Pleas, Domestic Relations Division.

***Judgment Affirmed***

**WILLAMOWSKI, and WALDICK, J. J., concur.**

# <u>JUDGMENT ENTRY</u>

For the reasons stated in the opinion of this Court, the assignments of error are overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____

Mark C. Miller, Judge

_____

John R. Willamowski, Judge

_____

Juergen A. Waldick, Judge

DATED:
/jlm